UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES M. SHARP,<br><br>          Plaintiff,<br><br>          v.<br><br>DAVID LIEBEL,<br>JEREMY JONES,<br>STANLEY KNIGHT,<br>I. RANDOLPH Sued in their individual capacities,<br><br>          Defendants. | No. 1:19-cv-01990-TWP-MPB |

**ENTRY SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

**I. Screening of Complaint**

    A.    *Legal Standards*

Plaintiff James M. Sharp is an inmate formerly incarcerated at the Plainfield Correctional Facility (Plainfield). He is currently confined at Westfield Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

B.   *Allegations*

The complaint names the following defendants: 1) David Liebel; 2) Jeremy Jones; 3) Stanley Knight; and 4) I. Randolph. For relief, Mr. Sharp seeks compensatory and punitive damages and injunctive relief.

Mr. Sharp alleges that in March 2019, he sent a request for a kosher diet through the chaplain's office at Plainfield to the Central Office where David Liebel denied his request. Mr. Sharp alleges that he is a Muslim and that he requested the diet for religious reasons. He alleges that Mr. Liebel's denial of the kosher diet violates his First and Fourteenth Amendment rights.

Mr. Sharp also alleges that his grievances challenging the denial of the diet were denied at each step of the process by Grievance Specialist Jeremy Jones, Warden Stanley Knight, and Final Reviewing Authority I. Randolph, respectfully.

C.   *Discussion*

"[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). The allegations in the complaint invoke the First Amendment's protection of free exercise of religion. The Court notes that the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, confers greater religious rights on prisoners than the free exercise clause has been interpreted to do. *See* 42 U.S.C. § 2000cc–1; *Cutter v. Wilkinson*, 544 U.S. 709, 714–17 (2005). Mr. Sharp does not mention RLUIPA, but he is proceeding *pro se* and in such cases courts

interpret the free exercise claim to include the statutory claim. *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir.2009). The First Amendment and RLIUPA denial of religious diet claims **shall proceed** against David Liebel.

"Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.") (internal citations omitted). Therefore, the claims against Jeremy Jones, Stanley Knight, and I. Randolph are **dismissed for failure to state a claim a claim upon which relief can be granted.**

These are the claims the Court discerns in the complaint. If the plaintiff believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through August 9, 2019,** in which to identify those claims.

## II. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant David Liebel in the manner specified by Rule 4(d). Process shall consist of the complaint filed on May 20, 2019 (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk shall **terminate from the docket** defendants Jeremy Jones, Stanley Knight, and I. Randolph.

**IT IS SO ORDERED.**

Date: 7/8/2019

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES M. SHARP
995283
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Liebel
Director of Religious Services
Indiana Department of Correction
Indiana Government Center South
302 W. Washington Street
Indianapolis, IN  46204